**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | Case No: 2:14-CR-00196 |
| : | |
| **v.** : | |
| : | **JUDGE GREGORY L. FROST** |
| **ANTONIO L. SIBLEY** : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through undersigned counsel, hereby submits its Memorandum in Aid of Sentencing, as ordered by the Court.

### BACKGROUND

On May 26, 2015, the defendant, Antonio L. Sibley, was found guilty by a jury of the sexual exploitation of a minor female by using her to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a) and (e).  The facts adduced at trial established that the defendant utilized the camera function of a Kyocera C5120 Milano cellphone to photograph a minor female nude and engaged in sex acts with him, in a hotel room that he rented and in which he harbored her, and where commercial sex acts with the minor female were negotiated and occurred.

The final Presentence Investigation Report ("PSR") was disclosed by the Probation Office on September 2, 2015.  Sentencing in this matter is scheduled for November 4, 2015.

### PRESENTENCE INVESTIGATION REPORT AND RECOMMENDATION

The United States has reviewed the PSR in this case and submits that the Probation Officer has correctly calculated the advisory sentencing guideline range.  The United States thus raises no objections to the PSR.  Pursuant to U.S.S.G. § 5G1.1(c)(1), the advisory guideline

range for the defendant is 360 months, based on a total offense level 41, a criminal history category III, and the statutory maximum sentence for the offense of conviction. The Probation Officer has not identified any factors warranting departure from the applicable guideline range, but has identified the circumstances of the defendant's offense, his extensive criminal history and his placement with Children's Service agencies at a young age as factors the Court may wish to consider in determining whether a deviation from the applicable guideline range is appropriate. The sentence recommended by the Probation Officer is 360 months, which represents the statutory maximum sentence, and corresponds with the applicable guideline range. The Probation Officer has further recommended imposition of a 15 year term of supervised release.

The defendant has raised several objections to the Probation Officer's guideline calculation. For the reasons that are discussed below, the government concurs with the application of the guidelines and the sentence recommended by the Probation Officer. The government submits that such a sentence appropriately considers all factors delineated in 18 U.S.C. § 3553(a) and would be sufficient but not greater than necessary to achieve the statutory goals of sentencing.

## ANALYSIS AND RECOMMENDATION OF THE UNITED STATES

After *United States v. Booker*, 543 U.S. 220 (2005), district courts should engage in a three-step sentencing procedure. *See* U.S.S.G. § 1B1.1(a)-(c) (outlining the sentencing process). First, the Court should calculate the applicable Guidelines range. *Gall v. United States*, 552 U.S. 38, 49 (2007) ("As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.").[1] Second, the Court should

---

[1] The Supreme Court has made clear that the Guidelines are relevant throughout each step of this process. *See Gall*, 552 U.S. at 50 n.6 ("The fact that § 3553(a) explicitly directs sentencing courts to consider the Guidelines supports the premise that district courts must begin their analysis with the Guidelines and remain cognizant of them

2

consider whether a departure from the Guidelines range is appropriate. *Rita v. United States*, 551 U.S. 338, 351 (2007). Third, the Court should consider "all of the [18 U.S.C.] § 3553(a) factors" in deciding what sentence to impose. *Gall*, 552 U.S. at 49-50. Under 18 U.S.C. § 3553, the Court is directed to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a). *Booker* requires that the sentence a district court imposes be reasonable. *United States v. Jackson*, 408 F.3d 301, 304 (6th Cir. 2005). A sentence within the applicable Guidelines range is deemed presumptively reasonable. *Rita*, 551 U.S. at 347; *United States v. Graham-Wright*, 715 F.3d 598, 604 (6th Cir. 2013); *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006) ("We now join several sister circuits in crediting sentences properly calculated under the Guidelines with a rebuttable presumption of reasonableness.").

### I. Guideline Calculation

As indicated above, the applicable sentencing guideline range for the defendant was properly calculated in the PSR, resulting in a sentencing guideline range of 360 months of imprisonment, a term of supervised release of 5 years to life, and a fine of $25,000 to $250,000. Finding no factors warranting a departure or deviation from the guideline range, the Probation Officer has recommended a guideline range sentence of 360 months of incarceration and 15 years of supervised release. These recommendations are based on the defendant's pattern of sexually exploiting a minor female, which resulted in an enhanced total offense level of 41 for his 18 U.S.C. § 2251 conviction, and his long and persistent pattern of criminal activity prior to his instant offense, which yields a criminal history category of III.

---

throughout the sentencing process.").

### a. Offense Level

Calculation of the offense level for convictions for sexual exploitation of children, in violation of 18 U.S.C. § 2251 begins with reference to United States Sentencing Guidelines ("USSG") section 2G2.1. Pursuant to USSG § 2G2.1(a), the base offense level is **32**. Certain other conduct tending to aggravate the nature and circumstances of the offense are also considered within USSG § 2G2.1, and additional levels for these specific offense characteristics are added to the base offense level.

One specific offense characteristic applicable in this matter, and correctly applied by the Probation Officer, is a two-level enhancement because the offense involved the commission of a sexual act or sexual contact. USSG § 2G2.1(b)(2)(A). Evidence at trial established that the defendant produced images of he and D.T., the minor female victim, engaging in sexual acts. No objection to this enhancement has been made by the defendant. This raises the defendant's offense level to level **34**.

Another specific offense characteristic applicable in this matter, and correctly applied by the Probation Officer, is a two-level enhancement if the offender is a parent, relative, or legal guardian of the minor victim, or if the minor victim was otherwise in the custody, care, or supervisory control of the defendant. USSG § 2G2.1(b)(5). The defendant objects to the application of this specific offense characteristic. The government concurs with the Probation Officer's application of this enhancement, based on the following analysis.

In this case, one of the primary features of the relationship between the defendant and D.T. was his harboring and caring for her during multiple periods of her life. Evidence at trial established that D.T.'s relationship with the defendant began when she was 15 years of age; the relationship almost immediately became sexual; and that D.T. lived with the defendant in the

Akron area for nearly a year while she was away from her home and family who had reported her missing. Evidence at trial also established that upon D.T.'s absconding from a foster home placement shortly after her 17th birthday, she again resided with the defendant in multiple residences (short term rentals/hotels) in the Columbus area, where he paid the rent and provided food and other necessities. D.T., who was then a minor, could not have obtained shelter without the ongoing and direct assistance of the defendant or another adult, and lived at risk of losing that shelter if she did not sufficiently comply with the demands of the defendant. Moreover, Application Note #3 to USSG § 2G2.1 notes that this specific offense characteristic is intended to have a broad application. D.T. was under the care and supervisory control of the defendant during the period of the offense of conviction. The defendant's objection to the application of this specific offense characteristic should be overruled. Application of this specific offense characteristic raises the defendant's offense level to **36**.

The defendant's conviction for a violation of 18 U.S.C. § 2251 is also a "covered sex crimes" pursuant to USSG § 4B1.5, and additional offense levels under that section are therefore applicable. Specifically, USSG § 4B1.5(b) was correctly applied by the Probation Officer in the PSR. The defendant has objected to its application. This objection should be overruled.

Pursuant to § 4B1.5, if a defendant's offense of conviction is a covered sex crime, and the defendant engaged in a pattern of activity involving prohibited sexual conduct, five offense levels are added. In this matter, the defendant's conduct clearly meets these conditions. First, the defendant was convicted of a "covered sex crime." In relevant part, Application Note #2 to USSG § 4B1.5 defines a covered sex crime as "an offense, perpetrated against a minor, under… chapter 110" of Title 18. The defendant's offense of conviction was sexual exploitation of a child, pursuant to 18 U.S.C. § 2251, under Chapter 110 of Title 18. Second, even if the evidence

5

at trial is limited simply to the production of images of D.T. engaged in sexually explicit conduct (rather than other relevant conduct), the digital, forensic evidence clearly establishes a "pattern of activity involving prohibited sexual conduct." Application Note #4(A)(ii) to USSG § 4B1.5 defines prohibited sexual conduct to include the production of child pornography, while Application Note #4(B)(i) notes that a pattern of activity involving prohibited sexual conduct is established if it occurred on at least two separate occasions. In this matter, it was established at trial that the defendant produced child pornography images of D.T. on three separate occasions: July 15, 20 and 26, 2015. This alone establishes that application of USSG § 4B1.5(b) is appropriate, and should lead to the defendant's objection being overruled. [2]

Furthermore, the government concurs with the Probation Officer's assessment of the additional facts that support this enhancement, namely, that the defendant engaged in sexual intercourse with D.T. when she was 15 years old and that he sexually exploited her by promoting her engagement in commercial sex acts. Although not necessary to establish a basis for the § 4B1.5(b) enhancement, both of these acts constituted prohibited sexual conduct and were established by a preponderance of the evidence by the testimony adduced at trial. Under any analysis then, USSG § 4B1.5(b) is applicable to the defendant's offense and raises the defendant's offense level to **41**.

    b. **Criminal History**

The government has no objection to the calculation in the PSR that the defendant's criminal history category is III. The government does note, however, that even this elevated criminal history category does not take into account a significant number of the defendant's prior

---

[2] *See United States v. Bowling*, 427 Fed. Appx. 461 (6th Cir. 2011) (relying on the rationale of *United States v. Brittain*, 539 F.3d 445 (6th Cir. 2008) to find that the defendant's production of pornographic images of the minor victim on more than one occasion constituted "a pattern of activity involving prohibited sexual conduct").

criminal convictions. The defendant's criminal history – both that which is recent enough to count for purposes of his criminal history category, and the numerous additional convictions that are not – clearly establishes that the defendant is a danger to the community. Furthermore, the details regarding his lack of compliance with community control restrictions indicate that he is unwilling to abide by court orders and participate positively in society.

## II. Section 3553(a) Factors

In addition to the guidelines, the Court must consider seven factors in determining an appropriate sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the statutory purposes of sentencing; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range as set forth in the Sentencing Guidelines; (5) the Sentencing Guidelines policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense. The government submits that consideration of the most pertinent of these sentencing factors, as discussed more fully below, warrants the sentence recommended in the PSR.

<u>Nature and Circumstances of the Offense/ History and Characteristics of the Defendant</u>

### A. Nature and Circumstances of the Offense

This matter involved a trial lasting nearly a week that included testimony from the victim, her family, law enforcement involved in D.T.'s recovery, and even expert testimony from Dr. Sharon Cooper discussing the impact that child exploitation can have upon its victims. Thus, the government notes that there exists a substantial record establishing the nature and circumstances of the offense. Nonetheless, some points are noteworthy in determining an appropriate sentence for this defendant.

The victim in this matter, D.T., was a troubled child who has lived a difficult life,

including living "on the run" from family and children's services placements.  The defendant, who is 20 years older than her and a relation of her step-father, exacerbated and worsened these difficulties, rather than attempting to ameliorate them.  Upon encountering D.T. when she was 15 years old runaway, the defendant did not act as a responsible adult and encourage her to return home.  No, the defendant instead provided this young troubled girl with drugs, allowed her to live with him for nearly a year at a home he shared with the mother of his children and later at an Akron area hotel, and had sex with her on multiple occasions.  When D.T. finally returned to her family and attempted to get her life back on track, the defendant – despite the rules of D.T.'s parents and other guardians – continued to see her and remain romantically involved with this child.  D.T. believed the defendant to be her mentor, best friend, and lover, and, as such, he exerted enormous influence over her despite efforts of her parents and caregivers to cut him out of her life.  In approximately April 2014, when D.T. left a placement in Akron to again be with the defendant, he again exploited her vulnerability rather than protecting her.  He may have taken her in and given her shelter, but during this time when he had her in Columbus far from her family, his sexual exploitation of her reached new levels and violated federal law.

    Shortly after D.T. reunited with the defendant in Columbus, the defendant began insisting that she make money to contribute to their life together, and he began advertising her for sexual services through online posts on backpage.com.  In hotel rooms rented and paid for by the defendant, through ads paid for by him and posted through his cell phone, and at his direction and insistence, D.T. was engaged in commercial sex acts with numerous men at a time when she was a minor.  During this same time period, the defendant also sexually exploit her in other ways, including posing her nude and engaged in sex acts with him while he produced images of these scenes on his cell phone.  The defendant took advantage of D.T.'s love and need for him,

8

and continuously and callously sexually exploited her. The nature and circumstances of the defendant's offense – which include the long history of his grooming D.T. towards the intense and continual sexual exploitation occurring between April and July 2014 – are aggravated, and require a substantial prison sentence in order to be appropriately addressed.

B.        History and Characteristics of the Defendant

As recounted in the PSR, the defendant has a long history of criminal activity, including multiple convictions for violent offenses. The sentence recommended in the PSR appropriately balances any mitigating aspects of the defendant's history and characteristics against the other significant 3553(a) factors.

The Statutory Purposes of 3553(a)

A.        Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment for the Offense

The government submits that a significant term of incarceration is necessary to satisfy all of these goals. As discussed more fully above and established at trial, the defendant's offenses are gravely serious and disturbing. He exploited a child in multiple and devastating ways, and this child viewed him as a mentor and lover, which he twisted to his advantage. The depraved and serious nature of the defendant's crimes requires a serious and significant sentence.

B.        Afford Adequate Deterrence to Criminal Conduct

One of the factors the court must consider in imposing sentence is the need for the sentence to "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). This factor includes the deterrence of the defendant in the instant case, as well as those who may consider similar offenses in the future.

The government submits that a significant term of incarceration is a necessary specific

deterrence measure in this case. The defendant's long history of criminal offenses and failures on prior terms of community control establish his lack of respect for the law, for court orders and for the general rules of society. The defendant has never served a lengthy sentence for any of his prior criminal offenses, and his offenses have continued to grow more violent and dangerous to others. Thus, the need for deterrence is heightened in this case, to hopefully finally dissuade the defendant from further continuing down this path of ongoing criminality.

Furthermore, the government believes that a significant sentence in this case will deter other potential defendants by sending a clear message about the ramifications of this type of behavior.

   C.  Protection of the Public from Future Crimes of the Defendant

The nature of the defendant's offenses indicates that he poses a serious danger to some of the most vulnerable members of our society. As discussed throughout this memorandum, the defendant twisted and manipulated the mind and heart of a young and vulnerable girl, gaining her trust and reliance on him, and then exploiting the love and trust she had for him, rather than protecting her as any decent adult should. For all of the reasons discussed in this memorandum, the government submits that the defendant has committed a very serious crime that creates a significant danger to the community, and particularly minor members of our society. That the defendant targeted a minor female in this case that had mental and emotional issues and a troubled family background only increases the danger that the defendant presents. The sentence recommended by the Probation Officer would be an important measure to protect the public by incapacitating him and ensuring that he cannot prey on other vulnerable youth for a very significant period of time.

<u>Kinds of Sentences Available, Sentencing Range and Policy Statements in the Guidelines</u>

Pursuant to 18 U.S.C. § 2251(a) and (e) a minimum sentence of 15 years of incarceration is mandated for the offense contained in Count Two of the Indictment, with a maximum possible term of 30 years. Incarceration is the only type of sentence that may statutorily be imposed for this offense. A term of supervised release of five years is also mandated by statute for this offense, with a maximum possible supervised release term of life. As discussed above, the government submits that the appropriate applicable sentencing guideline range, including the enhancement pursuant to USSG § 4B1.5(b)(1), is a term of incarceration of 360 months.

The government submits that a sentence within this guideline range comports with the policy considerations underlying § 4B1.5(b)(1), and specifically the Congressional amendments to that guideline section that make it so clearly applicable in this case. As stated by the Sixth Circuit in *United States v. Brattain*: "Congress found that definition [requiring multiple victims] did not 'adequately take account of the frequent occurrence of repeated sexual abuse against a single child victim, and the severity of the harm to such victims from the repeated abuse.'" 539 F.3d 445, 448 citing H.R. Conf. Rep. No. 108-66 at 59 (2003). The policy considerations that underlie the enhancement contained in USSG § 4B1.5(b) recognize the aggravated harm done to minor victims who are repeatedly exploited. Regardless of whether D.T. has realized the level of her victimization by the defendant, the law and the policy considerations behind the law declare her a victim, and a victim many times over. For years, the defendant groomed D.T. and convinced her of his love, only to later exploit her, and then, when he was caught, point the finger at her claiming that she, a child, had manipulated and used him. The defendant's ongoing manipulation and abuse of this vulnerable and troubled girl cries out for a lengthy sentence to

11

account for the increased harm and suffering that his pattern of abuse has inflicted.  The defendant's actions, the policy considerations of § 4B1.5(b), and the other guideline enhancement and calculations all support the sentence recommended by the Probation Officer.

## CONCLUSION

For the foregoing reasons, the United States submits that the sentence recommended by the Probation Officer in this case would be sufficient but not greater than necessary to meet the statutory goals of sentencing in this case.

Respectfully submitted,

CARTER M. STEWART
United States Attorney

s/Heather A. Hill_____
HEATHER A. HILL (6291633)
Assistant United States Attorney

s/A. Brant Cook
A. Brant Cook (0076972)
Special Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Office: (614) 469-5715
Fax: (614) 469-5653
E-mail:brant.cook@ohioattorneygeneral.gov
	Heather.Hill @usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Sentencing Memorandum was served this 2nd day of November, 2015, electronically upon: Barshaunda Robinson, attorney for defendant Antonio L. Sibley.

      s/Heather A. Hill
      HEATHER A. HILL (6291633)
      Assistant United States Attorney